| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

| | | |
|---|---|---|
| Virginia Kinney, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| versus | § | Civil Action H-08-860 |
| | § | |
| Aker Kvaerner, Inc., et al., | § | |
| | § | |
| Defendants. | § | |

## Findings of Fact and Conclusions of Law

1. *Background.*

Virginia Camacho Kinney is a 56-year-old woman who has worked in the purchasing and logistics part of heavy construction. She has Hispanic ancestors. She has sued her former employer for selecting her for termination because of her ethnic heritage.

Aker Kvaerner, Inc., is now called Aker Solutions US, Inc. It is an engineering company. Aker Kvaerner Strategic Operations, Inc., is now called Aker Strategic Operations, Inc., and it is an affiliate of Aker Solutions. Both of them are subsidiaries of Aker Solutions ASA, a publicly traded company in Norway.

Kinney was hired by Aker Solutions in August of 2005 as an expediter. She was assigned to its contract with Exxon and two other companies for the Adriatic project to support procurement for the construction of a liquified natural gas terminal in Spain for mooring off Italy. Beginning that October, she worked as a senior buyer for Aker Solutions. In April of 2006 she became a senior buyer for Aker.

Because the project was nearing its end, Aker included Kinney in a reduction-in-force. It demobilized her from the project on September 15, 2006, and notified her that she would be terminated on September 18th.

2.   *Retention Contract.*

Kinney complains that both defendants breached a contract to pay her a retention bonus. Her contract claim, however, can only be against the company employing her when the bonus program was announced – Aker.

In September of 2006, Aker announced a plan that included retention bonuses for people who stayed with the project through its end. The letter that confirmed the oral announcement at a staff meeting clearly said that the plan was entirely at its discretion collectively and individually. As it happened, Kinney and others were fired right before the putative vesting date, making her unqualified under its terms. The plan was not contractual.

3.   *Invidious Discrimination.*

While Kinney was working for Aker companies, eleven of the thirteen buyers, expeditors, and managers in her procurement group were in a protected class based on race, national origin, or sex. Alberto Pena, a Hispanic, hired Kinney in August 2005, and he also decided to fire her and told her in person. The direct hiring and firing by the same person contradicts bias in the firing; if he were biased, he would not have hired her in the first place.

Although people can discriminate illegally against people like themselves, Kinney has not shown anything that would suggest that Pena was hostile to Hispanics or anyone else.

Kinney uses as other Hispanics who were fired when she was to illustrate the anti-Hispanic bias. One of them was demobilized when she was, but he was paid for not working until he could be reassigned to a new project; in effect, he got a better position than those whose job had merely continued to the end of the project.

When asked for secondary evidence of having been mistreated at work because she was Hispanic, Kinney said that the woman manger immediately below Pena showed her hostility by not calling Kinney at the hospital to check on her after she was taken from work by ambulance. Kinney also said that she would interrupt Kinney and another Hispanic worker when they were talking in Spanish to tell them to get to work. Kinney conceded that the woman told everyone to get to work.

The nation's laws protect equality of economic opportunity. They do not protect people from the frictions of life, their own acts and limits, or the vagaries of business needs.

4. *Dishonesty.*

When she applied for employment at Aker Solutions, Kinney reported that she had resigned from her employer for family reasons. In fact, Occidental Petroleum of Qatar had fired her. When Aker Solutions hired Kinney, it did not know Occidental had fired her until May 8, 2009.

In this case, Kinney swore that she had not had high blood pressure before Thursday, September 7, 2006, the day that an ambulance was called after she suffered chest pain at Aker. In her lawsuit against Occidental in federal court in California, Kinney had testified that she had been ill with high blood pressure in 2003.

4. *Conclusion.*

Virginia Kinney has no direct evidence that either Aker Solutions or Aker discriminated against her based on her ethnicity – called race or national origin in her complaint – in connection with her layoff from Aker in September 2006. Kinney has shown no fact from which a reasonable mind could infer that her race or national origin motivated in any way the decision by Aker Solutions or Aker to fire her or otherwise act adversely.

Kinney could not establish the facts that would require Aker to rebut the claim that she had been discriminated against based on her race or national origin. On the contrary, Aker did not discriminate against Kinney based on her race or national origin by selecting her for inclusion in the September-2006 reduction in force.

Aker Solutions and Aker did not impair Kinney right to contract on equal terms by terminating Kinney in September 2006. See 42 U.S.C. § 1981.

Aker Solutions and Aker did not impair Kinney right to equality of oppurtunity in employment by firing her. See Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). This is true because Aker terminated Kinney for a legitimate, non-ethnically discriminatory reason. The reduction in force was factually legitimate.

Although the employer did not discover Kinney's dishonesty in her application until after she was fired, the material distortion of her record justifies the firing.

Neither Aker Solutions nor Aker contracted with Kinney to pay her a retention bonus.

Virginia C. Kinney will recover nothing from her statutory and common-law claims against Aker Kvaerner, Inc. Or Aker Kvaerner Strategic Operations.

Signed on November 11, 2009, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge